IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,181-01






EX PARTE CHARLES WATSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 32,479 IN THE 30TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. Applicant was convicted of involuntary
manslaughter and punishment was assessed at confinement for six years. Appeal was
affirmed. Watson v. State, No. 02-01-230-CR (Tex.App. - Fort Worth, delivered January
10, 2002, no pet.). 

 Applicant contends, inter alia, that his appellate counsel failed to timely notify him
that his appeal had been affirmed and that he could file a pro se petition for discretionary
review, and that his trial counsel was ineffective in telling him that he had an agreement
for community supervision and allowing him to plead guilty when the State had no
evidence to prove Applicant committed this offense. The trial court has made findings of
fact that this was an open plea, but has made no findings pertaining to whether counsel
was ineffective at trial or on appeal.

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is to determine what evidence
would have been presented if Applicant had not pled guilty and is ordered to obtain
affidavits from Applicant's appellate and trial counsel addressing whether appellate
counsel timely notified Applicant that his appeal had been affirmed and that he could file
a pro se petition for discretionary review, and what trial counsel advised Applicant
concerning the existence of an agreement for community supervision. Alternatively, the
trial court may conduct an evidentiary hearing at which Applicant would have an
opportunity to prove his allegations, and the trial court is not limited to the above issues if
the court believes other facts relevant to the legality of Applicant's confinement should be
determined.

 The trial court shall then make findings of fact as to a summary of what evidence
the State intended to present to prove this offense if Applicant had not pled guilty, what
trial counsel advised Applicant concerning the existence of an agreement for community
supervision, and whether Applicant's appellate counsel notified Applicant that his appeal
had been affirmed and that he could file a pro se petition for discretionary review. The
court may also make findings of fact as to any other matters the court deems relevant to
the legality of Applicant's confinement.

 If an evidentiary hearing is conducted, and Applicant is found to be indigent at the
time of the hearing, the trial court shall ensure that Applicant is represented by counsel
unless such is affirmatively waived.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. Any hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (1) 
The trial court's findings of fact, any affidavits or transcription of the court reporter's
notes, and any other supplementation of the record shall be returned to this Court within
120 days of the date of this order. (2)

DELIVERED: March 29, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance shall be provided to
this Court.
2. Any extensions of this time period shall be obtained from this Court.